UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JET VAC INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-062 CAN |
| | ) | |
| J&L MANAGEMENT CORP., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On February 14, 2007, Plaintiff Jet Vac Inc. (Jet Vac) filed its complaint alleging that the Defendant J&L Management Corp. (J&L) breached its contractual obligation to Jet Vac. In short, Jet Vac alleges that it did not get paid for the work performed for J&L. On May 18, 2007, J&L filed a motion to stay pending arbitration. On June 6, 2007, Jet Vac filed a response in opposition to that motion. On June 11, 2007, J&L filed a reply in support of its motion. Because this case was already set for a preliminary pre-trial conference pursuant to Fed. R. Civ. P. 16(b) for June 12, 2007, this Court heard oral argument on J&L's motion to stay and then proceeded to conduct the Fed. R. Civ. P. 16(b) preliminary pretrial conference. While this Court entered a case management order, those deadlines are now **VACATED** because J&L's motion is **GRANTED** for the following reasons.

**I.    RELEVANT BACKGROUND**

J&L is the general contractor in connection with a project titled Studebaker Demolition Area A Phase One with the city of South Bend. South Bend and J&L have a prime contract in which, among other things, it covers time and materials by subcontractors. Jet Vac entered into a subcontract with J&L, and the terms of the subcontract incorporate the terms of the prime

contract between South Bend and J&L.  The subcontract also has an arbitration clause in which J&L may elect to arbitrate disputes in Southfield, Michigan.  That clause states, in part:

> All claims and disputes between the parties arising out of this Subcontract shall be decided by an appropriate Court referenced herein or at Contractor's sole discretion, arbitration and/or mediation in Southfield, Michigan under the auspices of the American Arbitration Association in accordance with the Construction Industry Arbitration Rules.  Judgment upon the arbitrator's award may be entered in any Court having jurisdiction thereof.

(P.'s Compl. Ex. A, § 5).

Apparently, Jet Vac did some work for J&L for which J&L appropriately paid Jet Vac.  Jet Vac alleges that it performed other work under a second subcontract, but J&L has not paid for that work.   Jet Vac argues the parties engaged in a separate written subcontract that is not part of the original written subcontract and incorporates none of the original subcontract's terms.  Despite any of Jet Vac's claims, J&L argues that the original arbitration clause from the first subcontract requires that this case be stayed until a resolution of an arbitration between the two parties.  This Court may rule on this matter based on the parties' consent and 28 U.S.C. § 636(c).

**II.  ANALYSIS**

The Federal Arbitration Act embodies a strong federal policy in favor of arbitration. Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Ltd., 1 F.3d 639, 641 (7th Cir. 1993).[1]

---

[1] The Federal Arbitration Act applies to written arbitration provisions contained in contracts involving interstate commerce.  9 U.S.C. §§ 1,2.  Because the contractor and subcontractor in this case are from different states working on the same project, the project constitutes interstate commerce.  See Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 400-01 (1967); Monte v. S. Del. County Auth., 321 F.2d 870, 872 (3d Cir. 1963); see also MPACT Const. Group, LLC v. Superior Concrete Constructors, Inc., 802 N.E.2d 901, 904 (Ind. 2004).

Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. Id. at 642.

Whether the parties have agreed to arbitrate is a question governed by Indiana law, and this Court will not compel the parties to arbitrate unless they have agreed to do so. Id. at 641; Cont'l Cas. Co. V. Am. Nat. Ins. Co., 417 F.3d 727, 730 (7th Cir. 2005). However, the parties do not dispute that they have a contract with an arbitration clause. The only question before this Court is whether or not that arbitration clause is broad enough to ensnare an alleged subsequent agreement between the parties.

It is undisputed that the parties have a contract that contains the following language: "**All claims and disputes between the parties arising out of this Subcontract.**" (emphasis added). This language, particularly the "arising out of" language, demands this case be subject to arbitration. As the 7th Circuit indicated in Sweet Dreams:

> [w]e find . . . that "arising *out of*" reaches all disputes having their origin or genesis in the contract, whether or not they implicate interpretation or performance of the contract per se. . . . any dispute between the contracting parties that is in any way connected with their contract could be said to "arise out of" their agreement and thus be subject to arbitration under a provision employing this language.

1 F.3d at 642. There is no question that the current dispute is connected to the subcontract between the parties. The original contract was for work regarding the Studebaker demolition. While Jet Vac claims there was a second contract for which it was not compensated for its performance, that performance also dealt with work regarding the Studebaker demolition. In fact, it appears that the work was practically identical. Originally, Jet Vac was hired to remove asbestos (P.'s Compl. ¶ 7). The additional work was to remove more asbestos not within its scope of work (P.'s Compl. ¶ 8). Even though Jet Vac contends that it engaged in more

3

extensive work than originally contemplated, "it is nonetheless a result of the [subcontract] and has its origins in it." Id.

Jet Vac argues that it has a separate written contract with J&L, which it submitted as Exhibit B of Plaintiff's Complaint.  However, these documents do not express a clear intention that the parties are creating a separate contract.  The documents express communication between the parties, but they appear to reflect only communication.  At best, these documents establish an understanding between the parties to modify some of the terms of the subcontract.  There is simply not enough evidence before this Court to establish the existence of a separate, unrelated contract so as to overcome the strong presumption in favor of arbitration.  If the parties intended that the new agreement was not subject to arbitration, the could have explicitly stated that, but they did not.  As stated in Sweet Dreams, 1 F.3d at 643:

> [w]e note that contracting parties control their own fate when it comes to deciding which disputes to consign to arbitration.  On the one had, they may delineate precisely those claims that are subject to arbitration or, on the other, they may employ general-even vague-language in their arbitration provisions.

Simply put, the breadth of the arbitration clause and the strong presumption in favor of arbitration demands that this case be sent to arbitration. Sweet Dreams Unlimited, Inc., 1 F.3d at 643.  Consequently, J&L's motion to stay is **GRANTED** [Doc. No. 11].  All current deadlines are **VACATED** and all matters in this case are **STAYED** pending the outcome of arbitration between the parties.  Furthermore, the parties are **ORDERED** to notify this Court in writing of the resolution of the arbitration when one has been reached.

**SO ORDERED.**

Dated this 14th Day of June, 2007.

4

        <u>S/Christopher A. Nuechterlein</u>
Christopher A. Nuechterlein
United States Magistrate Judge